REQUESTED BY: Dear Senator:
You have requested our opinion on section 2 of LB 958. You ask: `Would you please advise me if Section 2, Agency 51 University of Nebraska section of LB 958 is proper and if it can be contained in LB 958 and enforced?'
LB 958 is entitled:
 "FOR AN ACT to state legislative intent for Legislative Bill 954, Eighty-fifth Legislature, Second Session, 1978; to provide for repeal; and to declare an emergency."
Section 10 repeals sections 1 to 9 of the act effective July 1, 1979. In essence, the intent of LB 958 is to direct that certain things be done by certain entities relating to appropriations made in LB 954, an appropriations bill.
Section 2 of the bill contains five subsections. They provide as follows: Subsection (1) requires the University to report its expenditures on the NCHEMS Program Classification Structure (National Council of Higher Education Management Systems), it requires that the Department of Administrative Services monitor University expenses according to NCHEMS, and it requires submittal of the 1979-1980 budget on the NCHEMS model unless the DAS rules provide otherwise. Subsection (2) requires each of the campuses to establish a special account through which they are to receive and expend overhead costs associated with grants and contracts. It expresses the intent that the University be allowed to expend above the cash ceilings in an amount not to exceed $1,200,000 for the purpose of receiving and expending overhead funds and directs that any excess be used to offset General Funds. Subsection (3) provides that the University shall assure that the teaching load of teaching assistants does not increase, that classroom contact hours will not decrease, that at least 75 percent of the workload of additional faculty be related to classroom instruction of undergraduates. Subsection (4) provides that 1978-1979 is considered to be the third year of a four-year program in upgrading undergraduate instruction and requires that a continuation of this effect shall be submitted as a part of the 1979-1980 budget request. Subsection (5) recognizes a proposed tuition increase and encourages the Board of Regents to implement a plan for the effective reallocation of existing resources prior to imposing further tuition rate increases.
The only affirmative duties required under section 2 are that a particular format be utilized in budget requests, and that campuses shall establish special accounts for grant and contract overhead monies.
In all other respects subsection (2) is directory in its terms and not mandatory. The University of Nebraska would be free to ignore all other terms of this particular bill.
The bill simply expresses the intent or the desire of the Legislature and does not direct or command particular acts to be done or not done.
The bill is temporary in character in that it expires by its own terms at the end of the fiscal year 1978-1979. Conceivably no remedy would be available should the University decide not to comply with this bill in that the only action to enforce the bill would be by way of a writ of mandamus. Some actions required may be moot by the time a writ of mandamus could be had. The bill itself would cease to be operative by July 1, 1979. Thus, any act not performed prior to that date arguably would no longer be required to be performed.
To the extent that this bill is an attempt to direct executive action as a part of the appropriations process, it is undoubtedly violative of Board of Regents v. Exon,199 Neb. 146, ___ N.W.2d ___ (1977). In that case the Supreme Court, discussing intent language contained in appropriations bills, stated:
 ". . . The trial court held that the statements in these bills which did not constitute an appropriation of funds were advisory only and not mandatory and that the Legislature was without authority to direct employees of the University. Although the defendants did not challenge this finding in their assignments of error, we have considered it and agree that it is correct.
 "The Legislature cannot use an appropriation bill to usurp the powers or duties of the Board of Regents and to give directions to the employees of the University. . . ."
Thus, were the language set forth in LB 958, contained within an appropriations bill, it is clear that it would be in violation of Board of Regents v. Exon.
In some ways this bill appears to be an attempt to do that which is prohibited by Exon without enacting substantive legislation. To that extent it is arguably in violation of the Constitution. However, since the language apparently is directory in nature, in any event, it is our opinion that for the most part the bill has no effect except as an expression of legislative intent that may or may not be followed by the persons to whom the bill is addressed.
In your last question you ask whether or not this language can be contained in LB 958. It would appear that LB 958 comports with the rules of the Legislature. To that extent the language therein contained may be adopted by the Legislature. The Legislature may enact legislation whether it has any effect or no effect as long as the appropriate rules are followed.